
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

CHRISTINE DISLA

                                              Plaintiff,      COMPLAINT AND
                                                                               JURY DEMAND
                        -against-

THE CITY OF NEW YORK, DEPARTMENT OF
CORRECTION COMMISSIONER MARTIN F.
HORN, CORRECTION OFFICER CASTRO #11807,      ECF CASE
CORRECTION OFFICER JOHN DOE #1-4

                                             Defendants.
------------------------------------------------------------- x

*(Stamps: JUDGE CASTEL; 07 CV 4827; RECEIVED JUN 6 2007 U.S.D.C. S.D.N.Y. CASHIERS)*

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for the violation of her rights secured by 42 USC §§1983, 1988 and the Fourth and Fourteenth Amendments and the laws and Constitution of the State of New York.

2. The claim arises from a May 15, 2006 incident in which Officers of the New York City Department of Correction ("DOC") acting under color of state law, intentionally and willfully subjected plaintiff to, among other things, sexual assault, excessive force, assault, and battery.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC §1331 and 42 USC §1983. Pendent party jurisdiction and supplementary jurisdiction over plaintiffs' state law claims are asserted.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Southern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

7. Plaintiff is a citizen of the United States and at all times here relevant resided in Bronx County, City and State of New York. She was a pre-trial detainee at the time of the incident in the custody of the Department of Correction.

8. The City of New York is a municipal corporation organized under the laws of the State of New York.

9. New York Department of Correction Commissioner Martin Horn ("Horn") was at all times here relevant the Commissioner of the New York City D.O.C., and, as such, was a policy maker with respect to training, supervision, and discipline of D.O.C. officers, including the individual defendants. On information and belief, Commissioner Horn was responsible for the policy, practice, supervision, implementation, and conduct of all D.O.C. matters and was responsible for the appointment, training, supervision, and conduct of all D.O.C. personnel, including the defendants referenced herein. Commissioner Horn is also responsible for the care, custody, and control of all inmates housed in the D.O.C. jails. As Commissioner, Horn is provided with reports of applications of force, allegations of unreported use of force, and other breaches of security while inmates are within D.O.C. custody. In addition, at all relevant times, defendant Horn was responsible for enforcing the rules of D.O.C., and for ensuring that D.O.C. personnel obey the laws of the United States and of the State of New York. Defendant Horn is sued in his individual and official capacities.

10. All other individual defendants ("the officers") are employees of the D.O.C., and are sued in their individual capacities.

11. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## NOTICE OF CLAIM

12. Within 90 days of the events giving rise to this claim, plaintiff filed written notice of claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

13. On May 15, 2006, at Bronx Supreme Court, plaintiff was sexually assaulted by Correction Officer Castro #11807 and subsequently assaulted and battered and subjected to excessive force by several other Corrections Officers.

14. Corrections Officers subjected plaintiff to excessive force without any legitimate security reason and for no legitimate penal purpose.

15. Plaintiff was injured as a result of the sexual and physical abuse.

16. At all times during the events described above, the Corrections Officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

17. During all of the events above described, defendants acted maliciously and with intent

3

to injure plaintiff.

18. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

   a. Violation of her right to Due Process of Law under the Fourteenth Amendment to the United States Constitution;

   b. Violation of her right not to be seized unreasonably under the Fourth Amendment to the United States Constitution;

   c. Violation of her New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

   d. Violation of her New York State Constitutional right under Article 1, Section 12 to not be unreasonably seized;

   e. Physical pain and suffering;

   f. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, and anxiety.

**FIRST CAUSE OF ACTION**
(42 USC § 1983)

19. The above paragraphs are here incorporated by reference.

20. Defendants acted under color of law and conspired to deprive plaintiff of her civil, constitutional and statutory rights to be free from unreasonable seizure and to due process of law pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and are liable to plaintiff under 42 U.S.C. §§1983 and §§ 6 and 12 of the New York State Constitution.

21. Plaintiff has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
(MUNICIPAL AND SUPERVISORY LIABILITY)

22. The above paragraphs are here incorporated by reference.

23. The City and the Commissioner are liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants.

24. The City and the Commissioner knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

25. The aforesaid event was not an isolated incident. The City and the Commissioner have been aware for some time (from lawsuits, notices of claim and inmate complaints) that many of their officers are insufficiently disciplined and believe that they may seriously abuse inmates without fear of discipline or investigation. The City and the Commissioner have, in the past, insufficiently disciplined officers for not reporting fellow officers' misconduct that they have observed, and they fail to discipline officers for making false statements to disciplinary agencies. The investigatory body responsible for monitoring officer behavior, the Inspector General's office, also wrongfully allows officers to write their own reports, rather than interviewing officers individually, although that is standard procedure for inmate reports. In addition, the Inspector General routinely fails to investigate claims of violence or abuse when the person suffering does not initiate the claim. The City and the Commissioner are aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the defendants have failed to take corrective action. This failure and these policies caused the officers in the present case to violate plaintiff's civil and constitutional rights, without fear of reprisal.

26. The City and the Commissioner knew or should have known that the officers who caused plaintiff's injury had a propensity for the type of abusive conduct that took place in this

case. Nevertheless, the City and the Commissioner failed to either properly screen during hiring or discharge the officers, despite awareness of the officers' propensity for abusive behavior. Without proper hiring procedures, supervision, investigation and discipline, abusive and unconstitutional conduct is not only ignored, it is condoned.

27. The City and the Commissioner have failed to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

28. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City and the Commissioner to the constitutional rights of persons within New York City, and were the cause of the violations of plaintiff's rights here alleged.

29. The City and the Commissioner have damaged plaintiff by their failure to properly train, supervise, discipline, review, remove, or correct the illegal and improper acts of their employees, agents or servants in this and in similar cases involving officer misconduct.

30. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the City and the Commissioner.

### THIRD CAUSE OF ACTION
(ASSAULT)

31. The above paragraphs are here incorporated by reference.

32. By approaching plaintiff and asking for sexual activity, defendant Correction Officer Castro made plaintiff fear for her physical well-being and safety and placed her in apprehension of immediate harmful and/or offensive touching.

33. By approaching plaintiff and beating her, individual defendants made plaintiff fear for her physical well-being and safety and placed her in apprehension of immediate harmful and/or offensive touching

34. Defendants have deprived plaintiff of her civil, constitutional and statutory rights and have conspired to deprive her of such rights and are liable to plaintiff under common law, 42 USC §1983 and New York State laws and Constitution.

35. Plaintiff was damaged by defendants' assault.

### FOURTH CAUSE OF ACTION
(BATTERY)

36. The above paragraphs are here incorporated by reference.

37. Defendant engaged in and subjected plaintiff to immediate harmful and/or offensive touching and battered her when he forced her to conduct sexual activity.

38. Defendants engaged in and subjected plaintiff to immediate harmful and/or offensive touching and battered her when they used excessive and unnecessary force with plaintiff.

39. Defendants have deprived plaintiff of her civil, constitutional and statutory rights and have conspired to deprive her of such rights and are liable to plaintiffs under common law, 42 USC §1983 and the New York State Constitution.

40. Plaintiff was damaged by defendant's battery.

### FIFTH CAUSE OF ACTION
(CONSTITUTIONAL TORT)

41. All preceding paragraphs are here incorporated by reference.

42. Defendants, acting under color of law, violated plaintiff's rights pursuant to §§6 and 12 of the New York State Constitution.

43. A damages remedy here is necessary to effectuate the purposes of §§6 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

### SIXTH CAUSE OF ACTION
(NEGLIGENT HIRING & RETENTION)

44. The above paragraphs are here incorporated by reference.

45. Defendant officers had a bad disposition and the D.O.C. knew or should have known of facts that would have led reasonable and prudent people to further investigate the defendant officers' bad dispositions through the hiring process.

46. Defendants knew or should have known that their failure to investigate defendant officers' bad dispositions would lead to plaintiff's injury.

47. Defendants were negligent in their hiring and retaining the officers involved in this case in that they knew or should have known of the officers' propensity to use excessive force.

48. Defendants have deprived plaintiff of her civil, constitutional and statutory rights and have conspired to deprive her of such rights and are liable to plaintiffs under common law, 42 USC §1983 and the New York State Constitution.

49. The injury to plaintiff was caused by the officers' foreseeable use of excessive force.

### SEVENTH CAUSE OF ACTION
(RESPONDEAT SUPERIOR)

50. The above paragraphs are here incorporated by reference.

51. Defendants' intentional tortious acts were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

52. As a result of defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant City of New York, plaintiff was damaged.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B. Awarding plaintiff punitive damages in an amount to be determined by a jury;

C. Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:   Brooklyn, New York
         June 4, 2007

TO:  New York City
     Corporation Counsel Office
     100 Church Street, 4th floor
     New York, NY 10007

     Department of Correction Commissioner
     Martin Horn
     60 Hudson Street
     New York, NY 10013

     Correction Officer Castro
     Shield # 11807
     DOC, Transportation Division
     17-17 Hazen St.
     East Elmhurst NY 11370

Yours, etc.,

Leo Glickman, Esq.
Bar #3644
Attorney for Plaintiff
71 Nevins Street
Brooklyn, NY 11217
(718) 852-3710
lglickman@stollglickman.com