

# STOLL, GLICKMAN & BELLINA LLP ATTORNEYS AT LAW

71 Nevins Street
Brooklyn, NY 11217

P: (718) 852-3710
F: (718) 852-3586

www.stollglickman.com

## MEMO ENDORSED

Honorable Judge Kevin Castel
United States Courthouse
500 Pearl Street
New York, 10007 NY

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/6/07

August 30, 2007

Re: Christine Disla v. City of New York et al. 07 CV 4827

Your Honor,

We write to request that 1) the court again order defendants to comply with its previous order to provide officer Castro's last known residential address or, in the alternative, agree to accept service on his behalf and 2) with defendants' consent plaintiff be granted additional time to amend the complaint to name the John Doe defendants.

Defendant has not complied with the court's August 3, 2007 order to either accept service or provide defendant Correction Officer Castro's last known residential address. Per the court's order, plaintiff served an interrogatory on defendants on August 6, 2007, requesting the last known residential address of Officer Castro. On August 21, 2007, plaintiff received defendant Correction Officer Ricardo Castro's current employment address – the same address where plaintiff sent him a Notice of Lawsuit and Acknowledgement of waiver of service – in response to plaintiff's First Set of Interrogatories. On August 29, 2007, defendants' counsel informed plaintiff's counsel that she is not accepting service on behalf of Officer Castro, but, in defiance of the Court's order, she refused to give defendant Castro's last known residential address.

Additionally, defendant has failed to comply with Rule 26(a) of the Federal Rules of Civil Procedure by not identifying the specific subjects of information that their witnesses have knowledge about. They have provided a great deal of documentation about alleged infractions not committed by plaintiff while in Department of Correction custody, but nothing concerning the incident in question. As a result, plaintiff is unable to timely

*[Handwritten memo endorsement:]* Defendant City of New York is directed to provide the address of C.O. Castro's last known residence by September 14, unless service of process is accepted by September 12. Plaintiff may move to amend the complaint prior to November 9 or any motion will be viewed as untimely. Counsel are to meet and confer on Rule 26(a) disclosures.

SO ORDERED
[signature]
USDJ
9-6-07

amend her complaint to add defendants without leave of court before the September 3, 2007 deadline. Defendant has estimated that it will take the City 45 days to produce the investigative file of the incident that is the subject matter of this lawsuit.

As we discussed with the court at the initial conference, the Department of Correction creates great challenges to serve their officers at their place of business. Therefore, Plaintiff respectfully requests that the Court again order defendant to disclose Ricardo Castro's last known residential address if defendant City of New York does not agree to accept service on his behalf, and any other relief the court deems just and proper for defendant's refusal to comply with its order.

In addition, Plaintiff requests, with defendant's consent, an extension of time to amend the complaint to name John Doe defendants to accommodate the City's timetable of producing the investigation file of 45 days. Plaintiff respectfully asks for three weeks to amend the complaint from the time the file is produced

Yours truly,

Stoll, Glickman & Bellina L.L.P.
By: Cynthia Conti-Cook, #CC0778


CC: ACC Joyce Campbell-Priveterre
New York City Law Dept
100 Church Street, Fl. 4
New York, NY 10007
VIA FACSIMILE: 212 788 9776