UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

CHRISTINE DISLA,

                Plaintiff,

    -against-

THE CITY OF NEW YORK, DEPARTMENT OF CORRECTION COMMISSIONER MARTIN F. HORN, CORRECTION OFFICER CASTRO #11807, CORRECTION OFFICER "JOHN DOE" ##1-4

                Defendants.

-----------------------------------------------------------------

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL**

07CV4827(KPC)

-----------------------------------------------------------------

      *STOLL, GLICKMAN & BELLINA, LLP*
      *Attorneys for Plaintiff(s)*
      *71 Nevins Street*
      *Brooklyn, NY 11217*

      *Leo Glickman, Esq.*
      *Tel: (718) 852-0507*

# TABLE OF CONTENTS

|  | Page |
|---|---|
| PRELIMINARY STATEMENT | 1 |
| STATEMENT OF FACTS | 1 |
| DEFENDANTS MUST PRODUCE INVESTIGATIVE FILE AND THE COURT SHOULD AWARD EXPENSES AND FEES IN CONNECTION WITH THIS MOTION | 2 |

# TABLE OF AUTHORITIES

| CASES | PAGES |
|---|---|
| Daval Steel Products, a Div. of Francosteel Corp. v. M/V Fakredine, 951 F.2d 1357 (2d Cir. 1991) | 3 |
| Fountain v. City of New York, 2004 WL 941242 at 4 (S.D.N.Y. 2004 J. Sweet) | 3 |

| STATUTES | PAGES |
|---|---|
| 42 U.S.C. § 1983 | 1 |
| Fed.R.Civ.P. 37(a) | 1 |
| Fed.R.Civ.P. 37(a)(3)(iv) | 2 |
| Fed.R.Civ.P. 37(a)(5) | 3 |
| Fed.R.Civ.P. 37(a)(5)(A) | 1,2 |
| Fed.R.Civ.P. 37(b)(2)(A) | 2 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

CHRISTINE DISLA,

                              Plaintiff,

-against-

THE CITY OF NEW YORK, DEPARTMENT OF
CORRECTION COMMISSIONER MARTIN F. HORN,
CORRECTION OFFICER CASTRO #11807,
CORRECTION OFFICER "JOHN DOE" ##1-4

                              Defendants.

------------------------------------------------------------------- x

**MEMORANDUM OF LAW
IN SUPPORT OF
PLAINTIFF'S MOTION TO
COMPEL DISCOVERY**

DOCKET # 07CV4827 (KPC)

ECF CASE

## PRELIMINARY STATEMENT

This lawsuit was brought as a civil rights action in which plaintiff is seeking relief for the violation of his rights secured by 42 USC §1983, the Eighth and Fourteenth Amendments to the United States Constitution. Plaintiff alleges that she was forced to give oral sex to a correction officer and was subjected to an unjustified use of serious force.

Plaintiff makes this application pursuant to Fed R. Civ. P. 37(b)(2)(A) and 37(a) to compel production of the investigative file underlying this case.

### STATEMENT OF FACTS RELEVANT TO DISCOVERY DISPUTE

For a statement of facts, please refer to the Affidavit executed by Leo Glickman, Esq.

## DEFENDANTS MUST PRODUCE INVESTIGATIVE FILE AND THE COURT SHOULD AWARD EXPENSES AND FEES IN CONNECTION WITH THIS MOTION

Prior to the initial conference held in this matter on August 3, 2007, we represented to defendants counsel that there was an investigation of the incident alleged in plaintiff's complaint. Defendants represented to the court and opposing counsel at the conference that the file would be produced in 45 days.

On September 5, 2007, defendants wrote the court asking for an additional 45 days to respond to discovery demands because the City was still "marshalling documents". *See* Ex. A Up to that point, defendants never informed plaintiff or the court that the investigation was pending. The court ordered that defendants respond to discovery demands and produce the investigative file by October 12. On October 16, 2007, in response to plaintiff's letter, defendants stated for the first time that the investigation was still pending. Id.

The court has granted a series of extensions to defendants based on the pendency but imminent conclusion of the investigation, as represented by defendants. The last court order provided that plaintiff may move to compel if not produced by February 14, 2008. On February 15, plaintiff received the "closing memorandum" dated January 17, 2008. To date, however, defendant has not received the file.

Fed R. Civ. P. 37(a)(3)(iv) provides that a party may move to compel production of documents if a party fails to respond. Further, Fed R. Civ. P. 37(a)(5)(A) provides that if the motion is granted, the court must award reasonable expenses, including attorney's fees, incurred in making the motion. In addition, Fed R. Civ. P. 37(b)(2)(A) provides for additional sanctions where the non-moving party has failed to obey a court order.

2

Here, the defendants have never attempted to make any showing why the production of such documents would jeopardize the investigation in any way, as required in this district. <u>Fountain v. City of New York</u>, 2004 WL 941242 at 4 (S.D.N.Y. 2004 J. Sweet). According to information in the Closing Memorandum, it appears that the last interview on this matter was conducted on November 29, 2007. It stretches the imagination to reason why, especially after the last interview was completed, that production of these documents would have interfered with the investigation.

Nevertheless, on application by defendants the court granted defendants additional time to produce the file. Now, on February 22, 2008, defendants have still not produced the file even though the last interview occurred on November 29 and it was officially closed on January 17. The defendants conduct constitutes a bad faith effort to frustrate the conduct of discovery and to willfully defy court orders when it repeatedly set generous deadlines for the defendants to comply.[1] "Severe sanctions" are appropriate when the non-moving party's failure to comply with court orders is due to "willfulness or bad faith, or is otherwise culpable" in not complying with court orders. <u>Daval Steel Products, a Div. of Francosteel Corp. v. M/V Fakredine</u>, 951 F.2d 1357, 1367 (2d Cir. 1991).

In addition, Rule 37(a)(5) provides that if the court grants the motion to compel, it must require the non-moving party to pay reasonable expenses, including attorney's fees,

---

[1] Plaintiff also notes to the court that defendants refused to comply with the court's August 3 order requiring defendants to either accept service on behalf of defendant Correction Officer Castro or disclose his last known address. The defendants only complied after plaintiff made an application and the court for the second time ordered them to do so.

We further note to the court that defendants have offered a series of specious objections and offers to supplement their responses to our discovery demands. When plaintiff sent a letter to defendants itemizing the insufficiency of their response, defendants replied tersely that they consider our objections to their objections "waived" because they were not presented in 30 days. In other words, they are refusing to consider our concerns.

3

unless the movant filed the motion before attempting to obtain the disclosure in good faith; unless the non-disclosure was justified; or other circumstances would make an award unjust. Here, as demonstrated in the affidavit, the parties have repeatedly conferred, at times with judicial intervention, about the production of this file.

The defendants have still not produced the file. In addition, the given the time the investigation appears to have been completed (November 29, 2007), and the time the closing memorandum was issued (January 17, 2008), there can be no justification for not producing the file.

For all the foregoing reasons, we ask the court to compel defendants to produce the investigative file underlying this incident, and award plaintiff reasonable expenses necessitated by the motion. We further ask for any further relief deemed appropriate by the court.

DATED:   Brooklyn, New York
         February 22, 2008

                                **Stoll, Glickman & Bellina LLP**
                                Attorneys for Plaintiff
                                71 Nevins Street
                                Brooklyn, NY 11217
                                (718) 852-0507
                                lglickman@stollglickman.com

                          BY: _/s/ Leo Glickman_____
                                Leo Glickman (LG3644)