UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

CHRISTINE DISLA,

                                                                   Plaintiff,        **AFFIDAVIT IN SUPPORT
OF PLAINTIFF'S FIRST
MOTION TO COMPEL
DISCOVERY**

            -against-

THE CITY OF NEW YORK, DEPARTMENT OF
CORRECTION COMMISSIONER MARTIN F. HORN,
CORRECTION OFFICER CASTRO #11807,
CORRECTION OFFICER "JOHN DOE" ##1-4

                                      DOCKET # 07 CV 4827(KPC)

                              Defendants.

------------------------------------------------------------------- x
                                                                     ECF CASE

I, LEO GLICKMAN, ESQ., declare the following, pursuant to 28 U.S.C. § 1746:

1.     I am counsel for plaintiff in the above-captioned complaint and I am familiar with the facts as set forth below.

**The Investigation File Underlying the Incident**

2.     On August 3, 2007, an initial conference was held in which the court was informed that there was an administrative investigation of the incident. Defendants represented that the investigative file would be produced in "45 days".

3.     On September 5, 2007, defendants wrote the court stating that they were still in the process of "marshalling documents pertinent" to the incident, and asked for an additional 45 days to respond. *See* Exhibit A.

4.     The court ordered that the defendants produce the investigative file and respond to plaintiff's demands by October 12, 2007. *See* Exhibit A.

5.     Plaintiff did not receive responses or the investigative file on or before October 12, 2007.

6.     Defendants did not respond to plaintiff's letter, dated October 13, requesting a response to discovery demands and the investigative file. *See* Exhibit B.

7.     On October 16, we telephoned defendants' counsel and, for the first time we were informed that the investigation was pending. Defendants never represented to the court or plaintiff, two and a half months after the file was promised at the initial conference, that the matter was still under investigation, despite many opportunities to do so.

8. On November 19, 2007, the court ordered that plaintiff may move to compel production of the file if we do not receive it by January 8, 2008. *See* Exhibit C.

9. Plaintiff did not receive the investigative file by January 8, 2008.

10. On January 9, 2008, we called defendants' counsel and she indicated that she would "endeavor" to speak to the "Correction Liaison" and let us know the status of the investigation and production of the file.

11. We called defendants' counsel on January 15, and she indicated that she still had not attempted to contact her liaison.

12. By January 18, we still had not heard from defendants' counsel the status of the investigation. On January 18, we faxed a letter to defendants' counsel requesting a date we could expect production of the file. *See* Exhibit D.

13. Defendants responded that the investigation was closing on January 22, and that she will receive the "report" by February 8. *See* Exhibit E.

14. On February 5, the court ordered that the "IG related materials" were to be produced by February 14. It further ordered that plaintiff may file a motion to compel if it was not produced by that date. *See* Exhibit F.

15. On February 15, we received a five page "Closing Memorandum" of the investigation. It is dated January 17, a day before defendants informed us that it would close by January 22. *See* Exhibit G.

16. The Memorandum contains unexplained redactions.

17. As of the date of this motion, plaintiff has not received the investigative file.

18. On February 18, plaintiff faxed a letter to defendants asking to clarify redactions made in the closing memorandum and informing them that plaintiff was going to bring a Motion to Compel production of the investigative file. *See* Exhibit H. To date, that letter has not been responded to.

19. Pursuant to Fed R. Civ. P. 37(a), we submit that we have made good faith efforts to confer with defendants without satisfactory response.

DATED:   Brooklyn, New York
         February 22, 2008

By: Leo Glickman (LG3644)
Stoll, Glickman & Bellina, LLP
71 Nevins Street
Brooklyn NY 11217
718-852-0507
lglickman@stollglickman.com